### J. NASS v. J. N. CHADWICK.

#### No. 2886.

1.   Judgment—Foreclosure.—A judgment foreclosing a lien on land which decrees foreclosure on a larger amount than prayed for, the excess not being the property of the defendant, and to which no exception for that cause is taken in the trial court, will not for that cause alone be reversed.

2.   Description.—See opinion for description of land contained in a deed *held* sufficient on general demurrer when thus described in a petition for foreclosure of lien. The deed when objected to for want of certainty of description was properly admitted · in evidence.

3.   Evidence.—In a suit on promissory note, and to foreclose lien on the land for the purchase money of which it was given, evidence showing the reasons that influenced defendant to purchase the land, and that it was not of the description he desired, is inadmissible where no fraud or misrepresentation by the vendor is charged.

APPEAL from Waller.   Tried below before Hon. Wm. H. Burkhart.

The objection to the introduction of the deed in evidence was based on want of certainty in description of the property conveyed.

*Harvey & Browne,* for appellant.—1. The plaintiff sought to subject land out of a larger tract to forced sale. It was his duty by pleadings and proof to show with certainty the land he sought to have subjected to sale, to avoid mistake by the sheriff to the injury of the defendant or any one else, and that the bidders at such forced sale could be informed by the sheriff's writ of the locality of the land that would pass by the sale freed from the fifty acres reserved and excepted. Murray v. Land, 27 Texas, 90; Morris v. Hunt, 51 Texas, 615, 616; Presley v. Testard, 29 Texas, 201; Davenport v. Chilton, 25 Texas, 519; Schmidt v. Mackey, 31 Texas, 662; Lumber Co. v. Hancock, 70 Texas, 312.

2. Under proper pleading of plaintiff evidence could have been introduced locating the fifty acres from the other part of the land embraced in the deed; but the names of the vendors of these should have been set out and perhaps the owners made parties. Wofford v. McKinna, 23 Texas, 36.

3. The defendant objected to the introduction of the deed described in plaintiff's petition, offered in evidence by plaintiff for the purpose of identifying the land on which the vendor's lien was sought in the suit to be foreclosed on the ground that no particular land was therein specified, and that the pretended description in said deed was indefinite, vague, and uncertain, and was altogether insufficient in description of the land to authorize a judgment or decree against the land. The objection was overruled and the deed admitted.

4. Where parties contract in ignorance or mistake of fact material and essential in the inducement and formation of the contract, which mistake injuriously affects the rights of one of the parties, relief will be granted against the mistake; the intention of the parties should be carried out, and the deficiency of the subject of contract as to quality and quantity may be inquired into in aid of judgment on the question of rescission or rebate. In case of rebate the proper rule shall be, as the value of the true tract is to the value of the false, so is the agreed price to the amount to be paid.

No brief for appellee on file.

HENRY, Associate Justice.—This suit was brought by appellee to recover judgment upon three promissory notes, and to foreclose a vendor's lien upon a tract of land conveyed by him to defendant by a general warranty deed. The land was described in an exhibit attached to the petition "as a part of the Jesse Clary headright in Waller County, conveyed by W. S. Day to W. T. Tollard and by Tollard to Dillard, beginning, etc. [reciting the boundaries], and containing an area of $273\frac{4}{10}$ acres more or less, not to include a tract of about fifty acres sold out of said land to ―――――. This tract of land the part of two tracts conveyed to Chad-

wick by M. M. Felder as trustee, and described in his deed dated April 20, 1870."

The defendant pleaded a general denial and the statute of limitations of four years to one of the notes, and specially that plaintiff represented that the tract sold by him contained $273\frac{4}{10}$ acres, less fifty acres, which defendant believing purchased the tract, paying therefor $1200, of which $300 were paid in cash, the balance being represented by notes sued on; that defendant afterwards discovered that some of the land described in the deed to him was owned by other persons, whom he named, and that plaintiff did not own, and his deed did not convey, more than $94\frac{86}{100}$ acres; that he believed he was purchasing certain timbered land, for which he had a special use in operating a steam gin and mill; that the land conveyed by the deed was poor, and not worth exceeding $2 per acre.

The jury returned a verdict in favor of plaintiff for two of the notes sued upon, and the court entered judgment upon the verdict foreclosing the vendor's lien by the same description that was given of the land in plaintiff's petition, without excepting the fifty acres.

It is complained that the court erred "in accepting the verdict as returned and in entering the judgment as recorded."

We can see no objection to the verdict, nor to the judgment, except that it includes in the foreclosure fifty acres of land that was excepted from the conveyance to defendant. It is not shown how appellant can be prejudiced by this. He did not make the particular objection in the District Court. If he had called the attention of that court to the error in the judgment, it would doubtless have been corrected.

No error was committed in overruling defendant's demurrer, nor in permitting plaintiff to read in evidence his deed made to the defendant. It was correct to exclude evidence offered by defendant for the purpose of showing his reason for desiring to purchase the land, and "to prove the value of the land to which plaintiff could make undisputed title for the timber thereon."

No other errors are assigned, and the judgment is affirmed.

*Affirmed.*

Delivered March 18, 1890.